UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| LUCIO N.,[1] (MJD/SGE) | Case No. 26-CV-00421 |
| Petitioner, | |
| v. | **ORDER** |
| PAMELA BONDI, Attorney General; KRISTI NOEM, Secretary, U.S. Department of Homeland Security; TODD M. LYONS, Acting Director of Immigration and Customs Enforcement; DAVID EASTERWOOD, Acting Director, St. Paul Field Office Immigration and Customs Enforcement, | |
| Respondents. | |

---

Claire Nicole Glenn, Climate Defense Project, Counsel for Petitioner.
Ana H. Voss, Assistant United States Attorney, for Respondents.

---

**I.   DISCUSSION**

This matter is before the Court on Petitioner Lucio N's petition for a writ of

---

[1] Pursuant to this District's policy in immigration cases, the Court identifies petitioner only by his first name and last initials.

-1-

habeas corpus. (Doc. 1.) Petitioner is a citizen of Ecuador who has lived in the United States since February 2022. (Id. ¶ 12.) He has no criminal record and has never been the subject of removal proceedings. (Id. ¶ 13.)

Petitioner's verified habeas petition states that on January 10, 2026, "unidentified ICE agents wearing facemasks and tactical gear surrounded Petitioner in unmarked vehicles, broke the window of Petitioner's vehicle, and arrested him without a warrant." (Id. ¶ 14.) Petitioner's arrest was part of Operation Metro Surge that, according to Petitioner, involves ICE "generally attempting to take as many immigrants as possible into custody regardless of the constitutionality of their actions." (Id. ¶ 15 (citing Tincher et. al. v. Noem, No. 0:25-cv-04669, Compl. (D. Minn. Dec. 17, 2025)).)

Although Petitioner was detained on January 10, 2026, as of the filing of his habeas petition on January 18, 2026, Petitioner's counsel was unable to locate him, "despite the diligent efforts of counsel, legal support, and Petitioner's loved ones." (Id. ¶ 18.) The petition states that "[g]iven the massive volume of perceived non-citizens being taken off the streets, Respondents are running out of physical space to continue detaining people. Detainees are being held in cramped quarters at the federal building, before being quickly sent to remote

locations across Minnesota or to facilities as far away as El Paso, Texas." (Id. ¶ 17.)

On January 18, 2026, the Court issued an Order to Show Cause ordering Respondents to file their response to Petitioner's petition for writ of habeas corpus by January 21, 2026. (Doc. 3.)

This is one of the many recent cases challenging the application of 8 U.S.C. § 1225(b)(2) to aliens who have been living in the United States unlawfully. This Court recently held that those who are already in the United States at the time they are detained by ICE are governed by the provisions of 8 U.S.C. § 1226(a), not § 1225(b) because such aliens are not "seeking admission." See Beltran v. Bondi, No. 25-04604 (MJD/DTS), 2025 WL 3719856, at *3-4 (D. Minn. Dec. 23, 2025) (explaining that the judges of this District are united this finding).

On January 18, 2026, the Court ordered Respondents to file a response to Petitioner's petition no later than January 21. (Doc. 3.) Respondents have not filed a response.

Because Respondents have provided no basis for the Court to conclude that Petitioner's continued detention without the opportunity to be released on bond is lawful, the Court will grant the petition for writ of habeas corpus in part

as detailed below.

**II.    ORDER**

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1.  Petitioner's petition for writ of habeas corpus **[Doc. 1]** is **GRANTED in part as follows**:

    a.  Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2), and is instead subject to detention, if at all, pursuant to the discretionary provisions of 8 U.S.C. § 1226(a)(1);

    b.  Respondents must provide Petitioner with a bond hearing **in Minnesota** under 8 U.S.C. § 1226(a) within seven days of the date of this Order;

    c.  If Respondents do not provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) as required herein, Petitioner must be immediately released from detention;

    d.  Within ten days of the date of this Order, the parties shall provide the Court with a status update concerning the results

of any bond hearing conducted pursuant to this Order, or if no bond hearing was held, advise the Court regarding Petitioner's release. Further, the parties shall advise the Court whether any additional proceedings in this matter are required and submit any proposals for the scope of further litigation; and

2. Respondents are **ENJOINED** from transferring Petitioner out of the District of Minnesota pending the duration of this litigation, assuming, of course, that Respondents have not already done so.

3. If Respondents have transferred Petitioner out of the District of Minnesota, Respondents must return Petitioner to the District by January 23, 2026 and notify Petitioner's counsel and the Court of the transfer.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: January 22, 2026

s/Michael J. Davis
Michael J. Davis
United States District Court